# In the United States Court of Federal Claims

No. 21-976C
(Filed: September 28, 2021)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MATTHEW T. CRUMLEY, *Plaintiff*, v. THE UNITED STATES, *Defendant*. | Military Pay Act; 37 U.S.C. § 204; Motion to dismiss; RCFC 12(b)(6); Failure to state a claim; Claim preclusion; The doctrine of *res judicata*. |

* * * * * * * * * * * * * * * * * * * * * * * *

OPINION

Pending is defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6). Plaintiff's complaint challenges his administrative discharge from the United States Air Force ("USAF") for the third time in this court, again seeking reinstatement, back pay, correction of his military records, and related relief. The government has moved for a dismissal on the ground that the doctrine of *res judicata* bars plaintiff from relitigating these claims. The motion is fully briefed. Oral argument is deemed unnecessary. For the reasons given below, defendant's motion is granted.

BACKGROUND[1]

Mr. Matthew Crumley served as an active-duty officer in the USAF from May 26, 2000, until he was honorably discharged at the rank of Major on March 1, 2012. While Crumley served as an Honor Guard at a funeral

---

[1] Although the facts in the background are primarily derived from the administrative record (ECF No. 11), the background also details prior cases brought by plaintiff in our court so we can determine whether the doctrine of *res judicata* applies.

1

ceremony, he was injured by stepping on astro-turf that covered an open grave site. As a result of his injuries, Crumley sought both medical and legal assistance at Hanscom Air Force Base ("AFB"). He also sent an email to senior USAF officials detailing the accident, in which he stated that he "expect[s] full, unrelenting Air Force support in this important matter" and informed the senior officials that he intended to bring legal action for his injuries. Administrative Record ("AR") 104-07.

On December 21, 2010, Crumley received a Letter of Admonishment ("LOA") for allegedly disrespectful and uncooperative behavior. AR 109-10. The letter detailed events that occurred while Crumley met with Air Force Judge Advocate General's ("JAG") Corps paralegals and attorneys assigned to the Hanscom AFB legal office. The LOA states that Crumley was "uncooperative and would not speak with the paralegals." *Id.* at 109. Further the letter details that during a follow-up meeting, Lt Col Mark Allen, the Staff Judge Advocate for the base, overheard Crumley "complaining loudly" to JAG personnel. *Id.* Lt Col Allen took Crumley aside and notified him that Air Force policy precluded JAG attorneys from representing him in the matter. During that conversation, Lt Col Allen described Crumley's behavior as "rude and insulting" and "very agitated." *Id.*

The LOA admonished Crumley for his "behavior towards Lt Col Allen," which it stated, constitutes "disrespect toward a superior commissioned officer," as well as his misconduct towards the staff members of the Hanscom AFB legal office. *Id.* The LOA also suggested that Crumley "first rely on [his] immediate chain of command to address [his] concerns" prior to involving the USAF's senior leadership, concluding that "[t]he manner in which [he] sent th[e] email [to senior leadership] displays poor judgment in the use of the chain of command." *Id.* Crumley responded to the letter, stating that he "take[s] full responsibility and ownership regarding [his] conduct/tone . . . ." AR 115.

The LOA and his response became the basis of an Unfavorable Information File ("UIF") placed in plaintiff's official military personnel file. AR 117. Additionally, Crumley received a Referral Education/Training Report ("Training Report"), which incorporated the UIF and noted his "disrespectful and unprofessional behavior" towards the AFB legal staff. AR 119.

In 2011, the USAF conducted a Reduction in Force ("RIF") after identifying "officers for further reduction;" Major Crumley was included. AR 151. The RIF Board reviewed Major Crumley's military record,

including all of his officer performance reports, his Training Report, and his retention recommendation form, after which the board non-selected him for retention, and he was given an honorable discharge effective March 1, 2012. A Separations Documentation Technician endorsed Crumley's DD Form 214, Certificate of Release or Discharge from Active Duty, identifying the reason for his discharge as "[r]eduction in [f]orce." AR 153-54, 287-88.

On December 21, 2012, Crumley petitioned the Air Force Board for the Correction of Military Records ("AFBCMR") to remove the LOA, UIF, and negative language in the Training Report from his records.[2] On November 5, 2013, the AFBCMR denied plaintiff's application, concluding that he presented insufficient evidence of "error or injustice" regarding the issuance of the LOA, UIF, and Training Report. AR 2, 18-20. The AFBCMR also concluded that Crumley failed to show that those documents were the "sole reason he was not selected for retention by the RIF board" and that his non-selection was taken pursuant to a "congressionally mandated end strength." AR 18.

On December 1, 2014, plaintiff filed his first complaint here, alleging wrongful discharge based on the facts set forth above and seeking back pay, reinstatement, and correction of his military records. *Crumley v. United States*, 122 Fed. Cl. 803 (2015) ("*Crumley I*"). We dismissed for lack of jurisdiction, concluding that he failed to seek review of the RIF board's decision by a "special board" as required by 10 U.S.C. § 1558. *Crumley I*, 122 Fed. Cl. at 807.

On March 28, 2016, he filed a second suit here, alleging that he was wrongfully separated from military service. *Crumley v. United States*, 133 Fed. Cl. 607 (2017) ("*Crumley II*"), *aff'd*, 738 F. App'x 1020 (Fed. Cir. 2018). In his complaint, plaintiff alleged that the LOA, UIF, and Training Report suffered from various procedural defects and should not have been considered by the RIF board. *Crumley II*, 133 Fed. Cl. at 612.

---

[2] Defendant correctly noted that the court may take judicial notice of these previous judicial proceedings without converting the motion to dismiss into one for summary judgment. *See, e.g.*, *Biomedical Patent Mgmt. Corp. v. California Dep't of Health Servs.*, 505 F.3d 1328, 1331 n. 1 (Fed. Cir. 2007) (relying upon "court filings from prior litigation between [the same] parties" in reviewing a trial court's dismissal of case and finding that district court had not abused its discretion by taking judicial notice of the prior proceedings).

The case was stayed pending resolution of a request that Crumley submitted for a special board.

The AFBCMR special board issued a decision denying plaintiff's application for correction of his military records on December 16, 2016. The AFBCMR special board found that (1) Crumley had not provided sufficient evidence to show that he was the victim of an error or injustice, (2) the LOA, UIF, and Training Report should remain in his record, and (3) the RIF board's decision should not be overturned.

After the case returned to this court, we granted the government's motion for judgment on the administrative record, concluding that "[t]he procedural defects which Crumley has alleged are immaterial to the AFBCMR special board's decision." *Id*.  Although Crumley argued that the LOA did not comply with USAF procedures because it failed to provide specifics, such as "when, where, or how he was disrespectful to a superior officer," we found that the "LOA in question includes plenty of context and enough details for any reader to understand the nature and timing of these incidents." *Id*.

We also rejected plaintiff's arguments that he was entitled to relief because the LOA did not contain his signature and the Commander did not acknowledge receipt of his rebuttal before establishing the UIF, noting that Crumley responded to the LOA on two occasions and that a senior commissioned officer visited him in person to discuss the disciplinary actions. *Id*. at 613.  We held that plaintiff "failed to show that the AFBCMR special board's decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence," and that "[t]he RIF board properly considered the LOA, UIF, and [Training] Report and was well within its discretion to non-select [him] for retention." *Id*.  Crumley appealed to the United States Court of Appeals for the Federal Circuit, which affirmed this Court's decision on October 5, 2018. *Crumley v. United States*, 738 F. App'x 1020 (Fed. Cir. 2018) ("*Crumley III*").

In 2019, plaintiff filed another application for correction of military records with the AFBCMR.  AR 167.  He asserted that, while litigating *Crumley II*, he learned that the Training Report "never actually became part of [his] Official Military Personnel File" and, as a result, was "erroneously considered by the RIF Retention Board."  AR 169.  The Air Force Evaluation/Recognition Programs Administrator issued an advisory opinion on May 25, 2020, recommending denial and return "without action" of Crumley's application because he did not provide new or relevant evidence that an error/injustice occurred.  AR 217-18.

4

The advisory opinion also noted that the Air Force's automated records system has been upgraded since 2011 and that the Training Report may not have been properly converted during that process, resulting in its omission from Crumley's official personnel file. The opinion stated, however, that the error did not occur until after the Training Report had been considered by the RIF board, as evidenced by notations in the margins of the document indicating that the RIF board received and reviewed it during its deliberations.

On May 26, 2020, the AFBCMR informed Crumley that he had thirty days to comment on the advisory opinion and provide additional evidence in support of his request. On June 3, 2020, the board considered his application in an Executive Session and voted against correcting the record. Although plaintiff contends that he responded to the AFBCMR's advisory opinion, the AFBCMR decision states that it did not receive a response from Crumley. AR 8. On July 15, 2020, the AFBCMR issued its final decision, denying plaintiff's application for the reasons set forth in the advisory opinion.

Plaintiff filed his complaint here on February 22, 2021. Plaintiff alleges that (1) the RIF board should not have considered the Training Report because it was not part of his official personnel file; (2) the AFBCMR committed reversible error by failing to consider his June 25, 2020 response to the advisory opinion and denying his application before the stated deadline; (3) his DD Form 214, Certificate of Release or Discharge from Active Duty, is invalid because it was endorsed by a contractor instead of an official.

## DISCUSSION

The court will dismiss a complaint under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy[.]" *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When evaluating the sufficiency of a complaint, the court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

The government argues that plaintiff's claim is barred by the doctrine of *res judicata*, specifically claim preclusion, because the claim involves the same parties and relies on the same transactional facts that were finally adjudicated in *Crumley II* and affirmed on appeal in *Crumley*

*III.* Claim preclusion forecloses litigation "of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

*Res judicata* will bar litigation when: (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first. *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003). Plaintiff does not dispute that the first two elements are met here. The dispute at issue is whether the current claim is based on the same set of transactional facts that were adjudicated in *Crumley II*.

When completing a transactional facts analysis, courts must evaluate whether the "same nucleus of operative facts" are present in both claims. *See id.* at 1056. A transactional fact analysis gives "'weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1271 (Fed. Cir. 2008) (quoting *Restatement (Second) Judgments* § 24(2) (1982)).

Defendant argues that the operative facts in this case are identical to those alleged in *Crumley II*. We agree. Plaintiff alleged in both cases that: (1) he was injured on November 20, 2010 while performing Honor Guard duties at a funeral; (2) received a LOA, UIF, and Training Report marred by various procedural defects; (3) was wrongfully discharged in retaliation for notifying senior USAF officials of his accident; and (4) was denied relief by the AFBCMR. *Compare* Compl. ¶¶ 22-28, *with Crumley II,* 133 Fed. Cl. at 609-10.

In both cases, Crumley alleged facts that relate to the same series of events, which occurred at the same time and which are all related in origin. The facts alleged here and in *Crumley II* are based upon the RIF Board's review of his military record, including the LOA, UIF, and Training Report, the board's decision to non-select him for retention, and the AFBCMR's denial of his request for relief from discharge. Further, in both cases, plaintiff sought the same relief: reinstatement, correction of his military records, and back pay. *Crumley II*, 133 Fed. Cl. at 609. Plaintiff's

6

request for the same relief highlights that both cases are based upon the same operative facts.  *See Fuller v. United States*, 148 Fed. Cl. 199, 208 (2020) ("repetitive requests for the same relief indicate that the subject cases are based on the same nucleus of operative fact.").

Plaintiff disagrees, arguing that the present suit addresses different errors.  In *Crumley II*, plaintiff alleged that (1) the government "violated various USAF procedures when the government and its agents issued the LOA, the UIF, and the 2011 Report"; and (2) "that these documents formed the basis for his discharge, and thus the RIF board's decision, and the AFBCMR's subsequent decisions, are arbitrary and capricious." *Crumley II*, 133 Fed. Cl. at 610.  In contrast, he argues here that while litigating *Crumley II*, he learned that the RIF board erroneously considered a Training Report that was allegedly omitted from his official military personnel file.  He also contends that AFBCMR violated its own regulations by failing to consider his response to its May 26, 2020 advisory opinion denying his July 19, 2019 application for correction of his military records.  Crumley asserts that these two procedural errors constitute new facts, precluding dismissal of this case as barred by *res judicata*.

The government replies that this argument is flawed.  We agree.  Although plaintiff attempts to distinguish the two claims by identifying different alleged procedural errors, simply alleging a new legal theory of relief will not prevent application of *res judicata*.  The Federal Circuit has recognized that "Different legal theories do not create separate claims for *res judicata* purposes."  *Res. Invs., Inc. v. United States*, 785 F.3d 660, 667 (Fed. Cir. 2015).

The only difference between this case and *Crumley II* is the particular procedural defects he now identifies as entitling him to relief.  These legal theories do not save Crumley's claim from dismissal based on *res judicata*, however, as both claims are based upon the same events, occurring at the same time, and seeking the same relief.  *See Anderson v. United States*, 46 Fed. Cl. 725, 730 (2000), *aff'd*, 4 F.App'x 871 (Fed. Cir. 2001) ("[A]ltering the theory of recovery does not form a new claim under the transactional approach.").

Plaintiff argues, however, that an exception to preclusion applies here.  Our court has recognized exceptions to "preclusion . . . upon the discovery of new facts that are materially relevant to the claim or issue."

*Saladino v. United States*, 62 Fed. Cl. 782, 792 (2004) (internal citation omitted).  The second exception, however, is rarely invoked "and only when a diligent plaintiff could not have discovered those facts in the earlier action."  *Id.*

Crumley argues that the exception applies here because he did not know and could not have known at the time of the prior suit of errors in the RIF panel process.[3]  Plaintiff also asserts that this claim cannot be barred as "*res judicata* does not bar claims that are predicated on events that postdate the filing of the initial complaint[.]"  *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016), *as revised* (June 27, 2016).

Plaintiff's argument fails, however, because the legal errors plaintiff alleges here are not newly discovered facts that are materially relevant to his claim for wrongful discharge.  "A fact is 'material' when it could 'affect the outcome of the suit under the governing law.'"  *Biloxi Marsh Lands Corp. v. United States*, 152 Fed. Cl. 254, 268 (2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

First, plaintiff's allegation that his training report was not included in his personnel file is not a new fact as Crumley has known, since at least 2017, that the RIF board considered the Training Report even though it may have been omitted from his official personnel file.  Plaintiff admits that he learned this information upon receiving the administrative record that the government filed in *Crumley II*.  That record did not contain the Training Report as part of his official personnel file.  Although the government filed the administrative record in *Crumley II* on March 17, 2017, plaintiff failed to move to amend the complaint in *Crumley II* to include this allegation and instead waited almost four years to raise the allegation here.  Thus, this fact is not "new" and does not preclude dismissal based on *res judicata* because it could have been raised in that earlier litigation.

We find that it would not have made a difference as plaintiff's allegation is immaterial to our decision in *Crumley II*.  This allegation is not material to our decision because there is no evidence in the record that we would have reached a different conclusion if plaintiff alleged this defect.  In Crumley II, we found that the "RIF board properly considered the LOA, UIF,

---

[3] Although plaintiff's response argues that this complaint contains newly discovered facts, it does not address the issue of materiality.

8

and 2011 Report and was well within its discretion to non-select Major Crumley for retention." *Crumley II*, 133 Fed. Cl. at 613.

Even though plaintiff alleged various defects with these documents in *Crumley II*, we found that the "procedural defects which Crumley has alleged are immaterial to the AFBCMR special board's decision." *Id.* at 612. Because we also find that the procedural defect alleged here is immaterial to the AFBCMR special board's decision this alleged defect would not have affected our decision in *Crumley II*.

Even if plaintiff's training report was not included in his personnel file, this would not have affected the AFBCMR special board's decision not to overturn the RIF board's decision. The record is clear that the RIF board's decision was not based solely on the Training Report but included a review of the LOA, UIF, and other documents in Crumley's personnel file.

Although plaintiff takes issue with the board's review of the Training Report, there is only one negative statement in the Training Report which refers to the incident for which Crumley received the LOA: "During this period, Major Crumley displayed disrespectful and unprofessional behavior toward 66 ABG for which he received a letter of admonishment." AR 119. The LOA and UIF which were part of Crumley's personnel file include far more details of the events that lead to Crumley receiving a LOA. In fact, the LOA includes the same information that plaintiff takes issue with in the Training Report, "Your unprofessional and immature behavior toward the 66 ABG legal staff . . . is inexcusable." AR 109. Because the same information included in the Training Report was also included in the LOA, the Training Report alone could not have affected the outcome of the board's decision. Thus, the issue of whether it was included in his personnel file is not material to Crumley's wrongful discharge claim.

Second, the procedural defects that Crumley alleges in the May 2020 AFBCMR review process—failure to consider his June 2020 response and deciding his appeal before the stated deadline—are not materially relevant to his wrongful discharge claim.[4] Plaintiff's second allegation of procedural

---

[4] Although not discussed by plaintiff in his response, plaintiff's allegation that his DD Form 214 is invalid because it was not endorsed by a USAF official is not materially relevant to his claim because changing the

defects concerns his July 19, 2019 application for correction of his military records. Crumley argued in his 2019 application for correction of his military records that his Training Report should not have been included in his file, and thus it should not have been considered by the RIF Retention Board. The AFBCMR issued an advisory opinion recommending denial and return "without action" of Crumley's application because he did not provide new or relevant evidence that an error/injustice occurred. AR 217-18.

Plaintiff points out that, even though the AFBCMR informed Crumley on May 26, 2020, that he had thirty days to comment on the advisory opinion and provide additional evidence in support of his request, the board considered his application and voted against correcting the record before plaintiff submitted his response. Plaintiff argues that this allegation cannot be barred by *res judicata* because these events took place after *Crumley II* and are thus newly discovered facts.

We disagree. We find that the AFBCMR's failure to wait 30 days for plaintiff's response is not material as there is no evidence this error would have affected the outcome of *Crumley II*. *See Biloxi Marsh Lands Corp. v. United States*, 152 Fed. Cl. at 268. Even if it was improper for the AFBCMR to consider his application to remove the Training Report from his military records without waiting for his response, it was error without injury as the substance of the Training Report was already before the RIF board from other documents. Plaintiff was merely pointing out what the board already heard through the LOA and UIF, information which was included in plaintiff's personnel file. Thus, we find that this procedural defect is not material to our decision in *Crumley II*. In conclusion, plaintiff's allegations of procedural defects are not newly discovered facts that are materially relevant to Crumley's wrongful discharge claim, and thus the exception to preclusion does not apply here.

---

endorsement has no bearing on the validity of the RIF board's decision. Moreover, Crumley has known since 2012, or should have known through the exercise of diligence, that a USAF official did not endorse his DD Form 214. Accordingly, this is not new, materially relevant evidence that saves his claim from dismissal.

10

CONCLUSION

Because we find that plaintiff's claim involves the same parties and relies on the same transactional facts that were finally adjudicated in *Crumley II* and affirmed on appeal in *Crumley III*, we grant defendant's motion to dismiss plaintiff's complaint on the grounds that it is barred by the doctrine of *res judicata*. No relief is warranted. The Clerk of Court is directed to enter judgment for defendant. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge